IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Efrain Reyes Knowles, | ) |
| Plaintiff, | ) **ORDER AMENDING CASE** |
| | ) **CAPTION AND FOR SERVICE ON** |
| vs. | ) **DEFENDANTS** |
| North Dakota Department of Corrections, | ) |
| and James River Correctional Center, | ) Case No. 1:18-cv-034 |
| Defendants. | ) |

Plaintiff Efrain Reyes Knowles's Amended Complaint is now before the court for an initial review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, Knowles shall be permitted to proceed with a claim for injunctive relief arising out alleged indifference to a serious medical need.

## I. BACKGROUND

Knowles is an inmate at the James River Correctional Center ("JRCC") in Jamestown, North Dakota. He initiated the above-entitled action *pro se* in February 2018 with the submission of an incomplete "PLRA packet." (Doc. No. 1). On March 14, 2018, he filed a motion to proceed *in forma pauperis*, which the undersigned granted, and a Complaint. (Doc. Nos. 3,4, and 10). On March 23, 2018, he filed notice of his consent to the undersigned's handling of this case. (Doc. No. 9).

In his Complaint, Knowles named the North Dakota Department of Corrections and Rehabilitation ("NDDOCR") and the JRCC as defendants. He then went on to assert:

> Mi left side intesting
> And were I process liquid
> hurts every time I eat

1

> and drink water the pain
> is so painful I feel its gonna
> failed and its gonna be to late.
> Please help me. Please don't let me
> die. Please I beg u.

(Doc. No. 12) (errors in original).[1]  In his prayer for relief, he requested $1 billion in damages, access to the best surgeon, and a hearing before the United States Supreme Court with the President of the United States at his side. (Id.).

On April 15, 2018, Knowles filed a copy of "doctor call notes" to supplement to his Complaint. (Doc. No 13). The notes, dated November 16, 2017, state that a trace of blood had been detected in Knowles urine and that he would be rechecked in a few weeks. (Id.).

On April 23, 2018, Knowles filed a second supplement to his Complaint. (Doc. 14). The supplement consists of: (1) a copy of an April 9, 2018 "sick call inmate request" that lists without explanation internal bleeding as the nature of the request; and (2) a handwritten note, dated April 6, 2018, in which Knowles complained to Officer Carpenter that he was experiencing significant side pain and different symptoms. (Id.).

The court conducted an initial screening of Knowles' Complaint as mandated by 28 U.S.C. § 1915A. On July 5, 2018, it issued an order in which it (1) identified the Complaint's deficiencies, and (2) granted Knowles leave to file an Amended Complaint..

On July 17, 2018, Knowles filed a Amended Complaint in which he asserts:

> I want a Billion 1,000,000,000.00 dollars for all of this process and mistreated in the way I beleave your wrong and they are laws that reinforces me to sue the state . . . . and if not the people who run the facility as well as the Warden's, Director's, Case Managers, Captain's, Leutenets, Seargent, are responsible as well as the medical department state member's. I do not have the names of all of this indidivudals so I

---

[1] Under this heading is the following question: "Are you claiming any physical injury?" (Doc. No. 12). Knowles answered this question in the negative. (Id.)

please ask the court to ask for the and ID's to identify who they are. I've ask people and suppote the prison is now under a none state instustrie called Rough Rider Industries, who they now run the Comissary and give jobs to inmates, if this land is ownd by the owner of the Industry I also proclaim a compensation form him or her in Jamestown and Bismarck, I've did all proper steps grievance's, inmate request, sick calls, talking iwth state member who am I suppose to sue individuauls or Department of Corrections? I've send a visiting form so we may discuss in peron neighther I got a response from the court.

***

I also request to be rele3ased from this institute with time served as a pardon from the court from Department fo Corrections. This does not dis inolved the matter of the request and the sue wich is a 1,000,000,00.00 billion dollars for this mistreatment of state such as medical and CO's. The charges drop of the sentence being served right now and the money. In the summon it says if they do not respond they will have there entity to serve on the Complaint. wich the original claim was almost the same but is now adding land territorial ownership. Money from individuals if to proceed with the Amendment to be modified cause an immune to sue the State which means I can sue the Department of Corrections and their entity, corporation, partnership, or association. Thank U.

This people are lying this grievance. Patty Moose insulted me of punishing me if I proceed with this grievance in her office. My ear and jaw in the past has nothing to do with intestings in my stomach. A xray this morning would show a lot of s2oll cause I haven't even went to the bathroom severall times a day and as we all humans process food we need to hold that so we may process owe nutrients until we go to the bathroom to do #2. And untill the of today I still bleed wene I do #2 and it still hurts

(Doc. No. ) (errors in original).

## II. **STANDARDS GOVERNING INITIAL REVIEW**.

The court outlined the standard governing the initial review of prisoner complaints in its order of July 5, 2018.

## III. **DISCUSSION**

Having reviewed Knowles's Amended Complaint along with the supplemental materials filed on conjunction with it, the court makes the following findings. First, Knowles request to be immediately released from custody is not an available remedy in the context of the present action.

3

Second, the pleadings as amended are devoid of any cognizable individual capacity claims. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Third, Knowles claims against State agencies are akin to claims against the State, which is not considered a person for purposes of § 1983 and has Eleventh Amendment immunity from suit. The same can be said with respect to claims for monetary damages against State officials acting in their official capacities. This does not end the court's analysis, however.

It is well settled that State officials sued in their official capacities for injunctive relief are treated as person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 n. 10 (1988) (quoting Kentucky v. Graham, 473U.S. at 167, n. 14 (Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985)). Although not explicitly named as defendants, Knowles does make reference to the Director of Institutions and the JRCC Warden in the body of his Amended Complaint.

In light of the fact that the Knowles is proceeding *pro se* and thus liberally construing his Amended Complaint, the court construes this action as one against Leann Bertsch, NDDOCR Director, and Chad Pringle, JRCC Warden, in their official capacities for injunctive relief. The case caption shall hereafter be amended to reflect this. However, Knowles should take heed that this amendment is being made so that the substance of his claim may be addressed; it is not incumbent on the court to provide Knowles with the names of medical department staff or others staff he has referred to by title.

Having now reviewed the substance of Knowles's pleadings, the cannot conclude at this point that they utterly devoid of any cognizable claim of deliberate indifference. Thus, without comment the ultimate merit of Knowles's claim, the court shall permit Knowles to proceed with his

4

claim for injunctive relief against Director Bertsch and Warden Pringle in their official capacities.

## III. CONCLUSION

The case caption shall be amended as directed above. The Clerk's office shall serve copies of Knowles's pleadings on the defendants in accordance with the applicable rules of civil procedure.

**IT IS SO ORDERED.**

Dated this 31st day of December, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court