IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Efrain Reyes Knowles, | ) | |
| | ) | **ORDER GRANTING MOTION FOR** |
| Plaintiff, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Leann Bertsch and Chad Pringle, | ) | Case No.: 1:18-cv-34 |
| | ) | |
| Defendants. | ) | |

## I. Background.

Before the Court is defendants' Motion for Summary Judgment (Doc. No. 28), which was originally filed as a Motion to Dismiss and converted by court order. (Doc. No. 61). Both defendants contend that the action must be dismissed for two reasons: first, Knowles failed to exhaust his administrative remedies, and second, Knowles has been transferred to a detention facility outside the authority of either defendant in this case, rendering his claims moot.

## II. Governing Law.

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005).

1

The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). If the movant does so, the non-moving party must submit evidentiary materials setting out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). A party may not rely on mere denials or allegations in its pleadings. Lonesome Dove Petroleum, Inc. v. Holt, 889 F.3d 510, 514 (8th Cir. 2018).

## III. Analysis

### A. Exhaustion of Administrative Remedies

Defendants' first claim is that Knowles failed to exhaust his administrative remedies.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative remedies an inmate must comply with are established by the correctional facility's grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007). Failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 211-17. 305 F.3d 806. It is the burden of the defendant in a case such as this to show that a plaintiff failed to exhaust administrative remedies under the PLRA. Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002).

Here, the record undisputedly shows that Knowles commenced the grievance procedure. While unclear on the face of his original complaint (Doc. No. 12, at 2), Knowles's amended complaint resolves the issue by including a copy of the grievance forms he filed. (Doc. No. 18-2). These forms clearly reflect completion of both Step One and Step Two of the grievance

2

process, containing signatures from both Knowles and various members of the prison staff. He later filed several more Step One grievance forms. (Doc. No. 19-2).

Defendants have filed an affidavit by Vickie Steckler, the Administrative Staff Officer for the James River Correctional Center, explaining that the grievance procedure actually has three steps: Step One, Step Two, and lastly, appeal to the director of North Dakota Department of Corrections and Rehabilitation. (Doc. No. 30-1, at 1-3). Steckler states in her affidavit that she informed Knowles of these steps. Id. at 4. The three-step process is also outlined in the Inmate Handbook. (Doc. No. 30-2 at 4, 5). Steckler testifies in her affidavit that according to her review of Knowles's records, he never filed an appeal to the director after completing Step Two of the grievance procedure.

Overall, Defendants argue convincingly that no genuine issue of material fact exists regarding Knowles's failure to exhaust administrative remedies. But the inquiry does not end here: Knowles has a chance to respond by submitting evidentiary materials showing a genuine issue of material fact for trial.

Since the Defendants made their motion to dismiss, Knowles has filed a wide variety of documents. See, e.g.., Doc. Nos. 34, 35, 37, 38, 39, 40, 41, 42, 45, 46, 48, 55, 56, 58, 59, 60. The majority of these are non-responsive to the question at issue, and many seem entirely unrelated to his complaint. Some of them are copies of grievance forms. It appears that Knowles has filed many grievances, and in fact he successfully completed the grievance procedure at least three times. However, those grievances were unrelated to the present case (concerning the temperature in Knowles's cell, his desire that the staff use bleach to clean the showers, and his complaint that the food service staff was unhygienic). (Doc. No. 42, at 1, 4, 6).

However, in one of his many filings, Knowles *does* appear to oppose Defendants' contention that he failed to complete the grievance procedure in the instant matter. In a handwritten letter submitted several weeks after Defendants' motion, he writes: "*Lean Bertch should have a Step 2 Appeal in her office. (Response to 11. Page 10.)*" (Doc. No. 35, at 1). In this line, it appears that Knowles is responding to paragraph 10 of Steckler's affidavit (Doc. No. 30-1, p. 4), in which she asserts that Knowles did *not* appeal the Step Two response. Defendants characterize this as an attempt by Knowles to "establish his own grievance procedure," but the Court construes his statement simply as an assertion of compliance with the existing grievance procedure; Leann Bertsch is director of DOCR, and presumably by his statement that his appeal is "in her office," Knowles is trying to say that he did appeal to her.

The question becomes whether Knowles, by this response, raises a genuine issue of material fact. Generally, a party asserting a factual position must support their position with evidence; it is not enough that a party rely on mere denials or allegations in its pleadings. Lonesome Dove Petroleum, Inc. v. Holt, 889 F.3d 510, 514 (8th Cir. 2018); F.R.C.P. 56(c)(1). While Knowles's letter is not a pleading, it does not appear to be an affidavit or its equivalent. A complaint verified under penalty of perjury is the equivalent of an affidavit and can serve as a response to a summary judgment motion. Ward v. Moore, 414 F.3d 968, 970 (8th Cir. 2005) Yet Knowles's letter is not a complaint verified under penalty of perjury. As such, it does not constitute evidence. See, Tweeton v. Frandrup, 287 F. App'x 541, 541 (8th Cir. 2008) (unpublished per curiam) (holding that nonmoving party's complaint was unverified and thus could not be considered as evidence).

Nowhere else do Knowles's filings address, let alone contest, his failure to exhaust administrative remedies. As such, he has failed to raise a genuine issue of material fact on the exhaustion question, and Defendants are entitled to judgment as a matter of law.

**B.     Mootness of Claims Pursuant to Knowles's transfer.**

Even if Knowles had not failed to exhaust administrative remedies, his claims fail on account of mootness, due to the uncontested facts of Knowles's incarceration status.

In an order dated December 31, 2018, the Court construed this action as one against Leann Bertsch, Director of the North Dakota Department of Correction and Rehabilitation ("DOCR,") and Chad Pringle, Warden of the James River Correctional Center ("JRCC"), both in their official capacities, for injunctive relief only. (Doc. No. 22).

Defendants have provided details of Knowles' place of incarceration through affidavits and other evidence. At the time of the events complained of in this lawsuit, Knowles was imprisoned in the JRCC, where defendant Chad Pringle was warden. (Doc. No. 30-1, ¶ 5, 6). The JRCC is a DOCR facility. See generally Doc. No. 30-1. Knowles was transferred to the North Dakota State Penitentiary on January 30, 2018. Id. At this time, he was no longer in an institution associated with Chad Pringle, but he was still within the purview of the DOCR.

Even more recently, however, Knowles has been transferred to the Burleigh County Detention Center, which is *not* a DOCR facility. (Doc. No. 64, 64-1). As such, he is no longer under the authority of either defendant in this case. In his many filings, Knowles does not attempt to contest Defendants' explanation of his location.

A prisoner's claims for injunctive relief to improve prison conditions are moot if he is no longer subject to those prison conditions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Here, Knowles is no longer subject to conditions at the JRCC or any other DOCR facility; neither defendant has any authority or control over his situation. As such, his claims are moot.

**IV.  Conclusion.**

For all of the foregoing reason, the Court **GRANTS** Defendants' motion for summary judgment (Doc. No. 28). This action is **DISMISSED**, without prejudice, as to all parties and all claims.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2020.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge